Mike P. Massad, Jr. – SBT # 13164000
Lloyd A. Lim – SBT # 24056871
**WINSTEAD PC**
1201 Elm Street, Suite 5400
Dallas, Texas 75270
Phone: (214) 745-5400
Fax:     (214) 745-5390

**ATTORNEYS FOR THE BECK GROUP
AND H.C. BECK, LTD.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 09-42778-BRT-11 |
| MCKINNEY SHORES HOTEL | § | |
| PARTNERS, INC. | § | Chapter 11 |
| | § | |
| Debtor | § | |
| | § | |

**MOTION OF H.C. BECK, LTD. FOR RELIEF FROM THE AUTOMATIC
STAY, WITHOUT WAIVER OF 30-DAY HEARING REQUIREMENT,
<u>AND REQUEST FOR HEARING IN PLANO, TEXAS</u>**

---

**IMPORTANT NOTICES**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FIFTEEN (15) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION.**

**IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

---

H.C. Beck, Ltd. ("<u>HCB</u>") files this *Motion of H.C. Beck, Ltd. for Relief from the Automatic Stay* (the "<u>Motion</u>"), and would respectfully show the Court the following:

## I. JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 362, and Federal Rule of Bankruptcy Procedure 4001. This matter is a core proceeding under 28 U.S.C. § 157.

## II. FACTUAL BACKGROUND

2. McKinney Shores Hotel Partners, Inc. (the "Debtor"), commenced this case on September 1, 2009 (the "Petition Date"), by filing a Voluntary Chapter 11 Petition. The Debtor continues to operate its business as a debtor-in-possession. No trustee or committee has been appointed. Debtor's voluntary petition designates the Debtor as a Single Asset Real Estate Debtor under Section 101(51)(B) of the Bankruptcy Code.

3. The Debtor is a single asset real estate entity whose sole purpose is to own and develop the Property (defined below) into a hotel and convention center in the City of McKinney, Texas. In order to accomplish this objective, the Debtor, as owner, and HCB, as contractor and construction manager, entered into a prepetition "Standard Form and of Agreement Between Owner and Construction Manager where the Construction Manager is also the Contractor" (the "Construction Contract") on February 25, 2008.[1] Pursuant to the Construction Contract, HBC provided labor and materials for the construction of the Westin McKinney Hotel and Events Center located in McKinney, Collin County, Texas (the "Project"). HCB also performed certain mass grading work on property adjacent to the Project pursuant to a change order to the Contract. As required by the Construction Contract, HCB submitted monthly Applications and Certificates of Payment to the Debtor. The monthly Pay Applications reflected the labor performed and material supplied to the Project and the corresponding periods of time

---

[1] A Copy of the Construction Contract is attached hereto as Exhibit "1" and is incorporated herein by reference.

---

**MOTION OF H.C. BECK, LTD. FOR RELIEF FROM THE AUTOMATIC STAY**     Page 2 of 10

related thereto. HCB attached to each Pay Application the back-up documentation to the costs and expenses being billed to the Debtor.

4. The Debtor did not obtain a construction loan to enable it to complete the Project, but instead received unsecured financing from an affiliated entity, O & S Holdings, LLC. The Debtor and its affiliate began to run out of funds to complete the Project in the fall of 2008, and started to fail to pay HCB and/or the subcontractors working on the Project. On October 9, 2009, the Debtor instructed HCB to cease all work on the Project. In Amendment No.1 to the Construction Contract (the "Amendment"), dated October 15, 2008, HCB and the Debtor confirmed the suspension of all construction activities on the Project and also confirmed that HCB reserved all remedies available to it in the construction contract for the Debtor's non-payment. The Amendment also obligated the Debtor to continue to compensate HCB for expenses during the suspended time of performance.[2]

5. The Debtor, however, failed to compensate HCB as provided for in the Amendment. HCB, therefore, notified the Debtor of its intent to stop work on the Project for, *inter alia*, failure to pay HCB as required under the Construction Contract on January 21, 2009. On January 30, 2009, HCB notified the Debtor of it intent to terminate the Construction Contract for, *inter alia*, the Debtor's continued failure to pay HCB as required by the Construction Contract. On March 2, 2009, HCB gave the Debtor its final notice of HCB's intent to terminate the Construction Contract and formally terminated the Construction Contract on March 13, 2009.

6. HCB took the appropriate steps to protect its right to payment under the Construction Contract by filing a Lien Affidavit against the real property on which the Project is located. HCB is, therefore, a secured creditor of the Debtor based upon, without limitation, the

---

[2] Amendment No. 1 to the Construction Contract is attached hereto as Exhibit "2" and is incorporated herein by reference.

---

**MOTION OF H.C. BECK, LTD. FOR RELIEF FROM THE AUTOMATIC STAY**　　　　　　　　Page 3 of 10

instruments which are referenced and described as follows (hereinafter collectively referred to as the "Lien Affidavit"[3]):

- Lien Affidavit and Claim dated December 10, 2008 and recorded as Document Number 20081211001409710, Official Public Records of Collin County, Texas on December 11, 2009.

- Amended Lien Affidavit and Claim dated January 14, 2009 and recorded as Document Number 20090115000045840, Official Public Records of Collin County, Texas on January 15, 2009.

- Second Amended Lien Affidavit and Claim dated April 28, 2009 and recorded as Document 20090501000514410, Official Public Records of Collin County, Texas on May 1, 2009.

7. Pursuant to the Lien Affidavit, HBC holds a properly perfected lien on real property and improvements related to the construction of a hotel and associated amenities referred to as "The Westin McKinney" located at 1900 Gateway Boulevard, McKinney, Collin County, Texas, 75069 (the "Property"). The Property is legally described as follows:

> Tract 1: Hotel Unit of McKinney Gateway Condominium regime in the City of McKinney, Collin County Texas, according to the Condominium Declaration dated February 28, 2008, recorded as Document Number 20080229000237480 of the Condominium Records of Collin County, Texas, which condominium is located on Lot 3, Block A, McKinney Bridge Street Town Center, a subdivision to the City of McKinney, according to the plat thereof recorded in Volume 2008, Slides 65 & 66, Plat Records of Collin County, Texas;
>
> Tract 2: Non-exclusive easement interest appurtenant to Tract 1 created pursuant to the certain Reciprocal Easement Agreement dated as of March 5, 1999, by and between JDN Real Estate – McKinney, L.P. and American Realty Trust, Inc., recorded as Document Number 99-0028590, in Volume 4369, Page 2124, Land Records of Collin County, Texas;
>
> Tract 3: Non-exclusive interest appurtenant to Tract 1 created pursuant to that certain Declaration and Establishment of Protective Covenants, Conditions and Restrictions and Grant of Easements dated February 4, 2008, recorded as Document Number 20080207000147650, Official Public Records of Collin County, Texas.

---

[3] The in instruments comprising the Lien Affidavit are attached hereto as Exhibit "3" and are incorporated herein by reference.

8. As of the Petition Date, the outstanding indebtedness owed by the Debtor to HCB was at least $8,273,674.91 for the services provided by HCB to the Debtor pursuant to the Construction Contract (the "Pre-Petition Indebtedness"). As outlined above, the Pre-Petition Indebtedness is secured by the Lien Affidavit. Additionally, as of the time of the filing of this Motion, there is a total of approximately $15,879,879.00 in M&M Liens filed against the Property, including the amounts represented by the Lien Affidavit. The Property currently has an estimated fair market value of approximately $7,800,000.00.[4] Accordingly, the Debtor has no equity in the Property.

9. Other than the Property, the Debtor's Schedule B shows that the Debtor's only other assets are (1) $5,343.00 in its Wells Fargo checking account and (2) a lawsuit against various parties currently proceeding in the Untied States District Court for the Eastern District of Texas, Sherman Division, as Case No. 4:09-cv-284, which is allegedly valued at $50,000.00. The Debtor is not currently conducting any business operations and has ceased construction of the Project. Furthermore, upon information and belief, HCB asserts that the Debtor does not have and cannot obtain financing to either fund its reorganization efforts or to complete the Project. The Debtor has no known employees, The Project is not being worked on in any respect and there is no other Debtor business activity at all currently taking place.

### III. RELIEF REQUESTED

10. HCB requests that the Court enter an order lifting, annulling, and terminating the automatic stay of 11 U.S.C. §362 so that HCB may immediately exercise its rights against the Property pursuant to the Lien Affidavit and applicable non-bankruptcy law.

---

[4] The Debtor's Schedule A states that the Property's value is "unknown."

## IV. BASIS FOR RELIEF

11. The statutory predicate for granting relief from the automatic stay is Section 362(d) of the Bankruptcy Code. That section provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property under subsection (a) of this section if –
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.[5]

### A. HCB is Entitled to Relief From the Automatic Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code

12. The automatic stay should also be lifted under 11 U.S.C. § 362(d)(2). Under § 362(d)(2), the Court "shall" grant relief from the automatic stay with respect to certain property if the Debtor does not have equity in the property and such property is not necessary to an effective reorganization. Both prongs of § 362(d)(2) are satisfied in this case.

13. A debtor has no equity in property for the purposes of § 362(d)(2) when the debts secured by liens on the property exceed the value of the property.[6] In this case, the estimated fair market value of the Property is $7,800,000.00. As of the time of the filing of this Motion, there is a total of $15,879,879.00 in M&M Liens filed against the Property, including the amounts represented by the Lien Affidavit. Accordingly, the Debtor clearly lacks equity in the Property.

---

[5] 11 U.S.C. § 362(d).

[6] *Sutton v. Bank One, Texas, N.A.*, 904 F.2d 327, 329 (5th Cir. 1990).

14. Additionally, the Property is not necessary for an effective reorganization because there is no reasonable likelihood that the Debtor can successfully reorganize.[7] The Debtor bears the burden of proof on whether the Property is necessary for an effective reorganization.[8] HCB asserts that the Debtor cannot carry that burden. As outlined above, the Debtor's Schedules show that, excluding the Property, the Debtor's assets have a value of slightly over $55,000.00. Of that amount, only slightly over $5,000.00 is comprised of cash. Such a meager sum is woefully insufficient to fund the Debtor's reorganization efforts. Moreover, the Debtor is not currently conducting any business operations, has ceased construction of the Project and there is no indication that the Debtor has the ability complete the Project. As a result, the Debtor is not producing and cannot produce any revenue from which it can fund a successful reorganization. Furthermore, upon information and belief, HCB asserts that the Debtor (1) cannot obtain financing to either fund its reorganization efforts or to complete the Project and (2) filed this bankruptcy case, in large part, to delay HCB and other M&M lien creditors from exercising their right under non-bankruptcy law.

15. The Debtor's manifest and unsubstantiated hopes for a successful reorganization are not sufficient to meet its burden.[9] Cause, therefore, exists to grant HCB relief from the automatic stay in order to allow it to immediately proceed to enforce its rights against the Property pursuant to the Lien Affidavit and applicable non-bankruptcy law.

**B.     Cause for Relief From the Stay Exists Under Section 362(d)(1) of the Bankruptcy Code**

---

[7] *United Sav. Ass'n of Tex. V. Timbers of Inwood Forest Ass'n*, 484 U.S. 365, 376 (1988) (in order for a debtor to meet its burden under 11 U.S.C. § 362(d)(2), it must demonstrate a "reasonable possibility of a successful reorganization within a reasonable time").

[8] 11 U.S.C. § 362(g); *In re W.B.S.S., LP*, 366 B.R. 629, 632 (Bankr. E.D. Tex. 2007) (stating that debtors bear the burden on all issues except for whether equity exists in the property that is the subject of a Motion for Relief from Stay); *In re Canal Place Ltd. P'Ship*, 921F.2d 569, 576 (5th Cir. 1991) (same).

[9] *In re Canal Place*, 921F.2d at 577.

16. There is also cause for the Court to grant HCB relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) because HCB's interest in the property is not adequately protected and the Debtor cannot provide HCB with adequate protection. Upon information and belief, HCB asserts that the Property, in its unfinished and exposed state, is declining in value. The Property's value may further decline if the Project is unable to be completed. The Debtor has done nothing, either pre-petition or post-petition, to adequately protect HCB's interest in the Property. Additionally the Debtor cannot provide HCB with adequate protection because it only has slightly over $5,000.00 in cash, has no business operations from which to generate revenues and has no financing to either fund its reorganization of complete the Project. Cause, therefore, exists to grant HCB relief from the automatic stay in order to allow it to immediately proceed to enforce its rights against the Property pursuant to the Lien Affidavit and applicable non-bankruptcy law.

C. **Alternatively, Should the Court Find That Cause Does not Exist to Grant HCB Relief from the Automatic Stay at This Time, the Court Should Enter an Order Granting HCB Relief from the Automatic Stay if the Debtor Fails to Comply With the Requirements of 11 U.S.C. § 362(d)(3)**

17. Section 362(d)(3) of the Bankruptcy Code provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

(3) with respect to a stay if an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, which ever is later –

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments that –
(i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an ummatured statutory lien); and
(ii) are in the amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate …[10]

18. Accordingly, if the Debtor fails to either propose a plan with a reasonable possibility of being confirmed within a reasonable time or fails to commence making payments to HCB as required by Section 362(d)(3)(B) by November 30, 2009, the Court should enter an Order providing that automatic stay will lifted, annulled, and/or terminated on December 1, 2009, without the need for HCB to file a second Motion for Relief from the Automatic Stay.

19. For all of the foregoing reasons, the stay should be lifted, annulled, and/or terminated to allow HCB to exercise its rights against the Property pursuant to the Lien Affidavit.

**WHEREFORE, PREMISES CONSIDERED**, HCB requests that the Court enter an order granting the relief requested herein and for all other relief, whether at law or in equity, to which HCB is justly entitled.

**Dated: September 18, 2009**

---

[10] 11 U.S.C. § 362(d)(3).

Respectfully submitted,

**WINSTEAD PC**
1201 Elm Street, Suite 5400
Dallas, Texas 75270-2199
(214) 745-5400 (Telephone)
(214) 745-5390 (Facsimile)


By:     */s/ Mike P. Massad, Jr.*
　　　　Mike P. Massad, Jr. – SBT # 13164000
　　　　Lloyd A. Lim – SBT # 24056871

**ATTORNEYS FOR THE BECK GROUP AND H.C. BECK, LTD.**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served on September 18, 2009 via first class U.S. Mail, postage prepaid, to the parties listed below. Additionally, notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

| | |
|---|---|
| **Debtor:**<br>McKinney Shores Hotel Partners, Inc.<br>1904 Gateway Boulevard<br>McKinney, TX 75069 | **Office of the United States Trustee**<br>ATTN: Marcus Salitore<br>110 N. College Ave., Suite 300<br>Tyler, TX 75702 |
| **Counsel for Debtor:**<br>Joe E. Marshall<br>Munsch Hardt Kopf & Harr, P.C.<br>3800 Lincoln Plaza<br>500 N. Akard St.<br>Dallas, TX 75201-6659 | |

　　　　　　　　　　　　　　　　*/s/ Lloyd A. Lim*
　　　　　　　　　　　　　　　　One of Counsel