Joe E. Marshall
Texas Bar No. 13031100
Lee J. Pannier
Texas Bar No. 24066705
MUNSCH HARDT KOPF & HARR, P.C.
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile:  (214) 978-4365

COUNSEL FOR DEBTOR-IN-POSSESSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| McKINNEY SHORES HOTEL PARTNERS, INC., | § § § | Case No. 09-42778-BTR |
| | § | Chapter 11 |
| Debtor. | § | |

**DEBTOR'S OBJECTION TO MOTION OF H.C. BECK, LTD.
FOR RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:

COMES NOW, McKinney Shores Hotel Partners, Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Bankruptcy Case"), and files this Objection to Motion of H.C. Beck, Ltd. for Relief from the Automatic Stay ("Objection") and in support thereof would respectfully show the following:

**I.**

**PRELIMINARY STATEMENT**

H.C. Beck, Ltd. ("HCB") has filed its Motion for Relief from the Automatic Stay ("Motion") only eighteen days into this Bankruptcy Case based on little more than putative liens it may hold against the Debtor's Property (defined hereinbelow) and the mere suspicion that the

Debtor has no ability to reorganize. The granting of stay relief at this juncture of the case, based on such unsupported allegations, would obliterate the Debtor's fundamental right to seek relief under Chapter 11 and attempt to reorganize. The Motion is premature at best and actually demonstrates HCB's attempt to simply frustrate the Debtor's reorganization efforts. The Motion should be summarily denied.

## II.

## RESPONSE

1. The Debtor admits the allegations contained in Paragraph 1 of the Motion.

2. The Debtor admits the allegations contained in Paragraph 2 of the Motion.

3. With respect to Paragraph 3 of the Motion, the Debtor admits that it entered into a "Standard Form and (sic) of Agreement Between Owner and Construction Manager" dated February 25, 2008, with HCB. The Debtor further admits that HCB performed, or caused to be performed by sub-contractors, certain labor and supplied, or caused to be supplied by sub-contractors, certain materials; however, the manner and extent of the services and supplies were not in compliance with the agreements between the parties and the value of such services and supplies are in dispute. Subsequent to September, 2008, HCB's monthly certificates of payment were not in compliance with the parties' contract. Moreover, a portion of the services and labor was actually never even performed as attested to in the lien affidavits. The Debtor admits that it is a single asset real estate entity for purposes of the Bankruptcy Case, but the Debtor otherwise denies the remaining allegations in Paragraph 3 of the Motion.

4. With respect to Paragraph 4 of the Motion, the Debtor admits that it did not have a construction loan to complete the Project, but instead was relying on other financing sources. The Debtor admits that it expressly instructed HCB to cease all work on the "Project;" however,

this instruction was made on October 9, 2008, rather than October 9, 2009, as stated in the Motion.

5. The Debtor denies the allegations as stated in the first sentence of Paragraph 5 of the Motion, but it admits that it did not make some payments otherwise due to HCB. The Debtor denies the remaining allegations contained in Paragraph 5 of the Motion.

6. With respect to Paragraph 6 of the Motion, the Debtor admits that HCB filed certain lien affidavits against the Debtor's real estate and primary asset, being described as those certain 12.8277 acres and improvement thereon located at 1900 Gateway Boulevard in McKinney, Texas (the "Property"); however, the Debtor denies that HCB holds valid secured claims as a result of such filings as alleged in the Motion.

7. With respect to Paragraph 7, the Debtor denies that HCB has a properly perfected lien on the Debtor's Property as alleged in the Motion.

8. The Debtor denies the allegations contained in Paragraph 8 of the Motion.

9. With respect to Paragraph 9 of the Motion, the Debtor denies HCB's allegation that "it does not have and cannot obtain financing to either fund its reorganization efforts or to complete the Project." The Debtor admits the remaining allegations contained therein.

10. In response to Paragraph 10 of the Motion, the Debtor opposes the relief requested by HCB in the Motion as HCB has not established, and cannot establish, grounds to terminate the automatic stay under 11 U.S.C. § 362. In particular, HCB's Motion is premature. By filing the Motion within the first eighteen days of this bankruptcy case, HCB has demonstrated its intent to simply undermine the Debtor's reorganization efforts. The Debtor intends to fulfill its statutory duties and is entitled to a reasonable opportunity to propose a plan in this case. Equally important, the Debtor contests the claims and liens of HCB and will

request the Court, through the appropriate procedural mechanism of an adversary proceeding pursuant to 11 U.S.C. §§ 7001 *et seq.*, to determine the extent, validity and priority of HCB's liens. HCB's Motion depends upon an initial showing that it has valid and enforceable secured claims.[1] HCB has in fact failed to provide this Court with background information relevant to the lien issues to be resolved under the Motion. Prior to the Bankruptcy Case, HCB initiated litigation, not only against the Debtor, but also against various other contractors who have also asserted liens against the Debtor's Property, in order to resolve lien priority disputes among the parties.[2] That litigation is still pending and, assuming HCB was to obtain relief from stay at some juncture of this case to commence foreclosure proceedings, that litigation would have to proceed to conclusion with the Debtor's involvement.

11. Paragraph 11 of the Motion contains a recitation of the provisions of Section 362(d) and requires no response.

12. In response to Paragraph 12 of the Motion, the Debtor denies that both prongs "are satisfied in this case" under Section 362(d)(2). The Property is in fact the sole and primary asset of this Debtor and will be developed pursuant to a plan of reorganization to be filed by the Debtor. Furthermore, The Debtor denies that there is no equity in the Property, particularly since the only secured liens are subject to dispute and likely to be reduced, invalidated and/or subordinated.

13. The Debtor denies the factual allegations contained in Paragraph 13 of the Motion.

---

[1] *See In re Kowalsky*, 236 B.R. 590, 595 (Bankr. E.D. Tex. 1999); *In re Box*, 324 B.R. 290, 292 (Bankr. S.D. Tex. 2005); *In re Rogers*, 239 B.R. 883, 887 (Bankr. E.D. Tex. 1999)

[2] *HCBeck, Ltd. v. McKinney Shores Hotel Partners, Inc., et al.*, Cause No. 296-00766-2009, pending in the 296th Judicial District of Collin County, Texas.

14. The Debtor denies the factual allegations contained in Paragraph 14 of the Motion. Responding further, HCB highlights its groundless position under the Motion by claiming a fair market value of the Property of $7,800,000 in Paragraph 13 of the Motion, then assigning it a value of zero for purposes of arguing the Debtor's lack of equity and inability to reorganize. Moreover, HCB has no basis for the allegation that the Debtor "cannot obtain financing to . . . fund its reorganization efforts . . . ." HCB's allegations, made within only three weeks of the filing of the case, are baseless and premature.

15. The Debtor denies the allegations contained in Paragraph 15 of the Motion. HCB has failed to carry its own burden with respect to the relief requested.

16. The Debtor would show that there is not sufficient "cause" to terminate the automatic stay, particularly at this early stage of the case. In that regard, HCB has not sufficiently identified a factual or legal basis that can establish the *prima facie* case required under Section 362(d)(1).[3] The Debtor further denies the allegations that HCB is not, and cannot be, adequately protected. HCB holds putative liens against undeveloped real estate which the Debtor intends to develop. To the extent that HCB actually has valid liens, the value of those liens is not declining in value as a result of its inability to immediately foreclose. There is no deteriorating or declining asset as alleged by HCB and the Property is adequately insured. Moreover, under a single asset real estate case, the Debtor is afforded the opportunity to file a plan of reorganization within the first ninety (90) days of the bankruptcy case, or begin making adequate protection payments as prescribed by Section 362(d)(3). HCB is requesting that the Court ignore the Debtor's rights and immediately terminate the automatic stay at the outset of the case thereby stripping the Debtor of its fundamental rights under Chapter 11. HCB's Motion

---

[3] See *In re Kowalsky*, 235 at 595.

is fatally flawed in that regard and illustrates the unreasonable and groundless nature of its own request.

17. The misfire of HCB's requested relief is further highlighted by the allegations and positions taken in Paragraphs 17 – 19 of the Motion. In response, the Debtor would assert that HCB is not entitled to a "comfort order" or advisory ruling by this Court providing for the termination of the automatic stay "if" the Debtor does not comply with certain statutory requirements. The Debtor intends to propose a plan and, once filed, if HCB believes that it does not comply with the requirements of Section 362(d)(3)(B), then it will be required to present evidence and arguments in support of such objections. HCB's Motion, filed within only three weeks of the petition, should be summarily denied.[4] To reiterate, HCB's claims and liens will be subject to an adversary proceeding, which will be filed in the Debtor's case, the outcome of which will impact all of the issues raised by HCB in this Motion as well as the treatment of claims under the Debtor's plan. Termination of the automatic stay for a lienholder to exercise its foreclosure rights requires a determination that the lienholder actually has valid and enforceable liens in the first instance.

WHEREFORE PREMISES CONSIDERED, the Debtor respectfully requests that this Court deny the relief requested by HCB in all respects; and grant such other and further relief as the Court may deem just and proper.

---

[4] *See In re Hope Plantation Group, LLC*, 393 B.R. 98 (Bankr. D. South Carolina 2007)(lift stay motion filed 73 days into case was premature if based on Section 362(d)(3)); *In re National/Northway Ltd. Partnership*, 279 B.R. 17 (Bankr. D. Mass 2002)(the passage of the 90 day period is a predicate to the request for any relief under Section 362(d)(3)).

Respectfully submitted this 5th day of October, 2009.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Joe E. Marshall
Joe E. Marshall
Texas Bar No. 13031100
Lee J. Pannier
Texas Bar No. 24066705
MUNSCH HARDT KOPF & HARR, P.C.
500 North Akard Street
3800 Lincoln Plaza
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 978-4365

COUNSEL FOR THE DEBTOR

## CERTIFICATE OF SERVICE

This is to certify that on this 5th day of October, 2009 the undersigned caused a true and correct copy of the foregoing Objection to be served electronically on the parties requesting service through the Court's ECF System and by U.S. first class mail, postage prepaid, upon the parties listed on the attached service list.

/s/ Joe E. Marshall
Joe Marshall