UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 09-42778-BRT-11 |
| MCKINNEY SHORES HOTEL | § | |
| PARTNERS, INC. | § | Chapter 11 |
| | § | |
| Debtor | § | |
| | § | |

**AFFIDAVIT OF MARK COLLINS IN SUPPORT OF MOTION OF H.C. BECK, LTD. FOR RELIEF FROM THE AUTOMATIC STAY, WITHOUT WAIVER OF 30-DAY HEARING REQUIREMENT, AND REQUEST FOR HEARING IN PLANO, TEXAS**

**STATE OF TEXAS** §
§
**COUNTY OF DALLAS** §

BEFORE ME, the undersigned authority on this day personally appeared Mark Collins, who being by me duly sworn upon his oath, deposes and states as follows:

1. "I am over the age of twenty-one (21) years of age and am competent and authorized to make this Affidavit. I am the Chief Financial Officer ("CFO") of H.C. Beck, Ltd. ("HCB") and have reviewed the Construction Contract, Amendment No.1 to the Construction Contract and the Lien Affidavit (defined below), evidencing McKinney Shores Hotel Partners, Inc.'s (the "Debtor") debt to HCB, arising from the labor and materials provided by HCB to the Debtor in connection with the construction of the Westin McKinney Hotel and Events Center located in McKinney, Collin County, Texas (the "Project"). Based upon such review, and through my position as CFO of HCB, I have personal knowledge of the facts set forth in this Affidavit.

2. HCB holds a perfected lien on the real property on which the Project is located, referred to as "The Westin McKinney" at 1900 Gateway Boulevard, McKinney, Collin County,

Texas, 75069 (the "Property"), along with the improvements and associated amenities associated with the construction of the Project that are located on the Property.

3. HCB's lien on the Property is evidenced and perfected by, without limitation, the instruments which are referenced and described as follows (hereinafter collectively referred to as the "Lien Affidavit"):

- Lien Affidavit and Claim dated December 10, 2008 and recorded as Document Number 20081211001409710, Official Public Records of Collin County, Texas on December 11, 2009.

- Amended Lien Affidavit and Claim dated January 14, 2009 and recorded as Document Number 20090115000045840, Official Public Records of Collin County, Texas on January 15, 2009.

- Second Amended Lien Affidavit and Claim dated April 28, 2009 and recorded as Document 20090501000514410, Official Public Records of Collin County, Texas on May 1, 2009.

4. Attached hereto as Exhibit "1" are true and correct copies of the instruments that comprise the Lien Affidavit.

5. The Debtor's debt to HCB, which is secured by the Lien Affidavit, arose from that certain "Standard Form and of Agreement Between Owner and Construction Manager where the Construction Manager is also the Contractor" (the "Construction Contract") entered into by the Debtor, as owner, and HCB, as contractor and construction manager, on February 25, 2008. Pursuant to the Construction Contract, HBC provided labor and materials for the construction of the Project. HCB also performed certain mass grading work on property adjacent to the Project pursuant to a change order to the Construction Contract.

6. Attached hereto as Exhibit "2" is a true and correct copy of the Construction Contract.

7. As required by the Construction Contract, HCB submitted monthly Applications and Certificates of Payment to the Debtor. The monthly Pay Applications reflected the labor performed and material supplied to the Project and the corresponding periods of time related thereto. HCB attached to each Pay Application the back-up documentation for the costs and expenses being billed to the Debtor.

8. Attached hereto as Exhibit "3" are true and correct copies of the Pay Applications and the supporting documents submitted to the Debtor.

9. The Debtor started to fail to pay HCB and/or the subcontractors working on the Project on or around the fall of 2008. On October 9, 2008, the Debtor instructed HCB to cease all work on the Project. In Amendment No. 1 to the Construction Contract (the "Amendment"), dated October 15, 2008, HCB and the Debtor confirmed the suspension of all construction activities on the Project and also confirmed that HCB reserved all remedies available to it in the Construction Contract for the Debtor's non-payment. The Amendment also obligated the Debtor to continue to compensate HCB for expenses during the suspended time of performance.

10. Attached hereto as Exhibit "4" is a true and correct copy of Amendment No. 1 to the Construction Contract.

11. The Debtor, however, failed to compensate HCB as provided for in the Amendment. On January 21, 2009, HCB notified the Debtor of its intent to stop work on the Project for, *inter alia*, failure to pay HCB as required under the Construction Contract. On January 30, 2009, HCB notified the Debtor of its intent to terminate the Construction Contract for, *inter alia*, the Debtor's continued failure to pay HCB as required by the Construction Contract. On March 2, 2009, HCB gave the Debtor its final notice of HCB's intent to terminate the Construction Contract and formally terminated the Construction Contract on March 13, 2009.

12. To the best of my knowledge, information and belief, as of the time of the filing of this Affidavit, the Debtor has no known employees, the Project is not being worked on in any respect and there is no other Debtor business activity at all currently taking place.

13. To the best of my knowledge, information and belief, as of the Petition Date, the outstanding indebtedness owed by the Debtor to HCB was at least $8,273,674.91. Additionally, HCB has incurred both before and after the commencement of this case, expenses, costs and fees arising out of this case, the defaults under the Construction Contract and HCB's review/exercise and protection of its rights and remedies, including without limitations, legal fees and other fees which are all collectable as additional indebtedness under the Construction Contract.

FURTHER AFFIANT SAYETH NOT.

_____
Mark Collins

**SUBSCRIBED AND SWORN BEFORE ME** this 10th day of October 2009, to witness my hand and seal of office.

_____
Notary Public, State of Texas

My Commission Expires:

01/24/2012



SHYANN VILLARREAL
Notary Public, State of Texas
My Comm. Expires 01/24/2012