IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| McKINNEY SHORES HOTEL PARTNERS, INC., | § § § § | CASE NO. 09-42778<br>Chapter 11 |
| DEBTOR. | § | |

**RESPONDING AFFIDAVIT OF GARY M. SAFADY
IN SUPPORT OF DEBTOR'S OBJECTION TO
MOTION OF H.C. BECK, LTD. FOR RELIEF FROM THE AUTOMATIC STAY**

| | |
|---|---|
| THE STATE OF CALIFORNIA | § § |
| COUNTY OF LOS ANGELES | § |

On this day personally appeared before me Gary M. Safady and, after being duly sworn according to law, deposed and said as follows:

1. "My name is Gary M. Safady. I am over the age of 21, have never been convicted of a felony, am of sound mind, and am competent to testify as to the matters set forth herein. I am the President of McKinney Shores Hotel Partners, Inc. (the "Debtor"), the debtor and debtor-in-possession of the above-referenced bankruptcy case (the "Bankruptcy Case"). As such, I am personally acquainted with the facts stated herein. Furthermore, in such capacity, I have reviewed the *Motion of H.C. Beck, Ltd. for Relief from the Automatic Stay, without Waiver of 30-Day Hearing Requirement, and Request for Hearing in Plano, Texas* (the "Motion") filed by H.C. Beck, Ltd. (the "Movant") on September 18, 2009 and provided factual information for the *Debtor's Objection to Motion of H.C. Beck, Ltd. for Relief*

*from the Automatic Stay* (the "Objection"). I am submitting this affidavit in response to the Motion and the *Affidavit of Mark Collins in Support of Motion of H.C. Beck, Ltd. for Relief from the Automatic Stay, without Waiver of 30-Day Hearing Requirement, and Request for Hearing in Plano, Texas* (the "Beck Affidavit") and in support of the Objection.

2. "Contrary to the assertions contained in the Motion and the Beck Affidavit, the Debtor believes that it will secure the financing necessary to complete its development of the Property (as defined in the Objection) and to otherwise reorganize under Chapter 11. The Debtor intends to timely file a plan of reorganization and believes that the Motion is premature and was merely filed to harass the Debtor and increase the administrative claims against the estate.

3. "Contrary to the assertions contained in the Motion and the Beck Affidavit, the manner and extent of the services and supplies provided by Movant were not in compliance with the agreements between the parties.

4. "For example, Movant's monthly certificates of payment were not in compliance with the agreements between the parties. Also, the Movant never actually performed, or caused to be performed by sub-contractors, a portion of the services and labor for which it invoiced the Debtor. Moreover, certain work and supplies that were provided were not authorized. Accordingly, as reflected in the Debtor's bankruptcy schedules filed with this Court, the Movant's $8,273,674.91 claim against the Debtor is disputed as to validity, priority and amount.

5. "Movant filed certain lien affidavits against the Property; however, those lien affidavits are improper because, among other things, they contain: (i) false statements regarding the services and supplies (i) authorized by the Debtor, and/or (ii) provided by the Movant.

FURTHER, AFFIANT SAYETH NOT."

_____
Gary M. Safady
President of McKinney Shores Hotel Partners, Inc.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 13th day of October 2009, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC IN AND FOR THE STATE OF CALIFORNIA
MY COMMISSION EXPIRES: _____

SEE ATTACHED

RESPONDING AFFIDAVIT OF GARY M. SAFADY IN SUPPORT OF DEBTOR'S OBJECTION TO MOTION OF H.C. BECK, LTD. FOR RELIEF FROM THE AUTOMATIC STAY – PAGE 3

MHDocs 2284313_1 10970.4

STATE OF CALIFORNIA            )
                               )  ss
                               )
COUNTY OF LOS ANGELES          )

    On this 13th day of October, 2009, before me, Shannon D. Melick, Notary Public, personally appeared Gary M. Safady who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

    I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

My commission expires December 26, 2011



SHANNON D. MELICK
Commission # 1782205
Notary Public - California
Los Angeles County
My Comm. Expires Dec 26, 2011