Michael P. Massad, Jr. – SBT # 13164000
Lloyd A. Lim – SBT # 24056871
Elisabeth A. Wilson – SBT # 24056896
**WINSTEAD PC**
1201 Elm Street, Suite 5400
Dallas, Texas 75270
Phone: (214) 745-5400
Fax:     (214) 745-5390

**ATTORNEYS FOR THE BECK GROUP
AND H.C. BECK, LTD.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 09-42778-BRT-11 |
| MCKINNEY SHORES HOTEL | § | |
| PARTNERS, INC. | § | Chapter 11 |
| | § | |
| Debtor | § | |
| | § | |

**EMERGENCY MOTION TO SHORTEN DISCOVERY PERIODS IN CONNECTION WITH THE MOTION OF H.C. BECK, LTD. FOR RELIEF FROM THE AUTOMATIC STAY, WITHOUT WAIVER OF 30-DAY HEARING REQUIREMENT, AND REQUEST FOR HEARING IN PLANO, TEXAS**

**TO THE HONORABLE BRENDA RHOADES, U.S. BANKRUPTCY JUDGE:**

H.C. Beck, Ltd. ("HCB") files this *Emergency Motion to Shorten Discovery Periods in Connection with the Motion of H.C. Beck, Ltd. for Relief from the Automatic Stay* (the "Motion"), and would respectfully show the Court the following:

### I.  JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 362, and Federal Rule of Bankruptcy Procedure 4001.  This matter is a core proceeding under 28 U.S.C. § 157.

## II. FACTUAL BACKGROUND

2. McKinney Shores Hotel Partners, Inc. (the "Debtor"), commenced this case on September 1, 2009 (the "Petition Date"), by filing a Voluntary Chapter 11 Petition. The Debtor continues to operate its business as a debtor-in-possession. No trustee or committee has been appointed. Debtor's voluntary petition designates the Debtor as a Single Asset Real Estate Debtor under Section 101(51)(B) of the Bankruptcy Code.

3. HCB filed its *Motion of H.C. Beck, Ltd. for Relief from the Automatic Stay* (the "Stay Relief Motion") [Docket # 15] on September 18, 2009. In the Stay Relief Motion, HCB argued, *inter alia*, that the Court should grant it relief from the automatic stay because (1) the Debtor lacks equity in the property that is the subject of the Stay Relief Motion (the "Property")[1] and (2) that the Property is not necessary for an effective reorganization of the Debtor.

4. The Debtor filed its *Objection to Motion of H.C. Beck, Ltd. for Relief from the Automatic Stay* (the "Objection") [Docket # 19] on October 5, 2009. In the Objection, the Debtor denies that it lacks equity in the Property because, *inter alia*, "the only secured liens are subject to dispute and likely to be reduced, invalidated and/or subordinated."[2] Additionally, the Objection states that the Debtor intends to commence an adversary proceeding in order to determine the validity and extend of HCB's claim and lien against the Property.[3]

5. The Court held a preliminary hearing on the Stay Relief Motion on October 13, 2009. At the hearing, Debtor's counsel reiterated the Debtor's objection to the validity of HCB's claim and lien on the Property and stated that the Debtor would commence an adversary

---

[1] The Property consists of 12.878 acres located at 1900 Gateway Boulevard, McKinney, Collin County, Texas, 75069.

[2] Objection, ¶12.

[3] *Id*. at ¶ 17.

proceeding within thirty (30) days from the preliminary hearing to determine the validity of HCB's claim and lien.

6. The Court set the Stay Relief Motion for final hearing on December 3, 2009, at 2:00 p.m. (the "Final Hearing"). The Court has allotted two (2) hours for the final hearing. In order to carry its burden with regard to whether the Debtor has equity in the Property at the Final Hearing, HCB will be required to present evidence regarding the validity of its claim and its lien against the Property. This will require HCB to produce voluminous documents and extensive testimony from HCB representatives and representatives of HCB's subcontractors regarding the entirety of HCB's $8,273,674.91 claim. HCB does not believe that it is possible to accomplish this in the two (2) hour time period allotted for the Final Hearing. Accordingly, HCB will attempt to narrow the scope the evidence that it will be required to present at the Final Hearing through discovery. Such discovery will request that the Debtor identify the portions of HCB's claim and lien that it objects to in order for the evidence at the Final Hearing to focus on the Debtor's specific objections to HCB's claims.[4] In order to help HCB properly prepare for the final hearing, this Motion respectfully requests that the Court shorten the time period for the Debtor to answer discovery propounded to it by HCB in connection with the Stay Relief Motion (the "Discovery Requests") to ten (10) days from the date that the Debtor is served with the Discovery Requests.

7. The Discovery Requests should not be a significant burden on the Debtor since these issues had been developed prepetition in connection with an arbitration proceeding taking place before the Debtor filed for Chapter 11. Indeed, the Debtor had hired an expert on M&M

---

[4] A true and correct copy of the Discovery Requests are attached hereto as Exhibit "1."

liens to assist in the arbitration and answer the discovery propounded to it by HCB. Moreover, the Debtor and HCB had reviewed and discussed these important issues at length prepetition.

**Relief Requested And Basis For Relief**

8. The Federal Rules of Civil Procedure, as incorporated into this proceeding by Federal Rule of Bankruptcy Procedure 9014(c), provide the Debtor with thirty (30) days to answer the Discovery Requests.[5] However, Rule 9006(c) of the Federal Rules of Bankruptcy Procedure permits the Court to reduce the time within which an act is required to be done under the Bankruptcy Rules. Reduction is permitted upon "cause shown" as determined by the Court and within its discretion.

9. Cause exists to shorten the time the Debtor has to answer the Discovery Requests in this instance. If HCB were to serve discovery on the Debtor as of the date of the filing of the Motion, October 16, 2009, the Debtor would have until November 17, 2009, a mere sixteen (16) days before the Final Hearing, to answer such discovery. Sixteen (16) days is not sufficient time for HCB to properly prepare for the Final Hearing. To make matters worse, the Debtor will likely lodge what HCB believes will be several unfounded and frivolous objections to HCB's discovery in order to cause delay and prevent HCB from receiving the necessary discovery in time for use at the Final Hearing. Cause, therefore, exists for the Court to shorten the time period for the Debtor to answer the Discovery Requests to ten (10) days from the date that the Debtor is served with the Discovery Requests.

10. Additionally, the Debtor is not prejudiced by having to answer Discovery Requests within ten (10) days of service because the Discovery Requests are identical to those already served by HCB on the Debtor in the prepetition state court litigation referred to by the

---

[5] *See* FED. R. CIV. P. 33(b)(2), 34(b)(2) and 36(a)(3).

Debtor in the Objection.[6]  Indeed, the responses to the discovery requests that HCB propounded to the Debtor in the state court litigation were due on the day that the Debtor filed this case.

**WHEREFORE, PREMISES CONSIDERED**, HCB requests that the Court enter an order granting the relief requested herein and for all other relief, whether at law or in equity, to which HCB is justly entitled.

**Dated: October 16, 2009.**

Respectfully submitted,

**WINSTEAD PC**
1201 Elm Street, Suite 5400
Dallas, Texas  75270-2199
(214) 745-5400 (Telephone)
(214) 745-5390 (Facsimile)

By: */s/ Michael P. Massad, Jr.*
Michael P. Massad, Jr. – SBT # 13164000
Lloyd A. Lim – SBT # 24056871
Elisabeth A. Wilson – SBT # 24056896

**ATTORNEYS FOR THE BECK GROUP AND H.C. BECK, LTD.**

### CERTIFICATE OF CONFERENCE

On Friday, October 16, 2009, I attempted to confer with Joe E. Marshal, counsel for the Debtor, but was unable to reach him.  Accordingly HCB presumes that the Debtor is opposed to the relief sought in this Motion.

/s/ Michael P. Massad, Jr.
Michael P. Massad, Jr.

---

[6] Objection, ¶10.

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Motion was served on October 16, 2009 via electronic mail and/or facsimile transmission, to the parties listed below. Additionally, notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

**Debtor:**
McKinney Shores Hotel Partners, Inc.
1904 Gateway Boulevard
McKinney, TX 75069

**Counsel for Debtor:**
Joe E. Marshall
Munsch Hardt Kopf & Harr, P.C.
3800 Lincoln Plaza
500 N. Akard St.
Dallas, TX 75201-6659

**Office of the United States Trustee**
ATTN: Marcus Salitore
110 N. College Ave., Suite 300
Tyler, TX 75702

                                              */s/ Lloyd A. Lim*
                                              One of Counsel

Dallas_1\5435766\3
6465-137 10/16/2009