Joe E. Marshall
Texas Bar No. 13031100
Lee J. Pannier
Texas Bar No. 24066705
MUNSCH HARDT KOPF & HARR, P.C.
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 978-4365

COUNSEL FOR DEBTOR-IN-POSSESSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| McKINNEY SHORES HOTEL PARTNERS, INC., | § § | Case No. 09-42778-BTR |
| | § | Chapter 11 |
| Debtor. | § § | |

**DEBTOR'S OBJECTION TO EMERGENCY MOTION TO SHORTEN DISCOVERY PERIODS IN CONNECTION WITH THE MOTION OF H.C. BECK, LTD. <u>FOR RELIEF FROM THE AUTOMATIC STAY</u>**

TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:

COMES NOW, McKinney Shores Hotel Partners, Inc. (the "<u>Debtor</u>"), the debtor and debtor-in-possession in the above-captioned bankruptcy case (the "<u>Bankruptcy Case</u>"), and files this Objection ("<u>Objection</u>") to the Emergency Motion to Shorten Discovery Periods in Connection with the Motion of H.C. Beck, Ltd. for Relief from the Automatic Stay ("<u>Motion</u>") and in support thereof would respectfully show the following:

1.  Because H.C. Beck, Ltd. ("<u>HCB</u>") would not waive the 30-day requirement in connection with its Motion for Relief from the Automatic Stay ("<u>Stay Motion</u>") and work with counsel to schedule the final hearing, the parties appeared before this Court on October 14th for the preliminary hearing to, among other things, discuss the anticipated length of the final

**OBJECTION TO MOTION TO LIFT STAY – Page 1**

hearing required by the parties and schedule the most appropriate hearing date. Following discussions with the Court's calendar clerk initially, and then directly with the Court, the final hearing was scheduled at the earliest possible date, being December 3, 2009. Now, based on that setting as agreed to by the parties, HCB has filed this Motion on an emergency basis requesting the Court to compel the Debtor to expedite discovery in order to accommodate HCB in its preparation for the hearing. These tactics by HCB should not be permitted by the Court.

    2.    HCB states in its Motion, that the "Court has allotted two (2) hours for the final hearing." *Motion, para. 6*. This time estimate, however, was obtained by the Court from both parties. HCB's counsel expressly represented to the Court that two hours was sufficient. Based on this time estimate, the Court then set the hearing on December 3, 2009. Counsel for HCB further represented that the selected hearing date was acceptable as well. Between the hearing and the filing of HCB's Motion, less than two days later, nothing else occurred in the case or between the parties that could have altered the circumstances of these proceedings. HCB now resorts to what can be characterized as nothing other than mere litigation tactics to use the selected date and the represented time allocation as a basis for requiring the Debtor to unnecessarily expedite discovery.

    3.    The Motion should be denied and HCB should be required to reimburse the Debtor for its fees and expenses incurred in this response based upon the circumstances of HCB's request.

    4.    First, if the time allotted for the hearing was not sufficient, HCB should not have represented that specific time to the Court and counsel should have advised the Court of the true time that it believed was necessary to try the matter. HCB's Motion now states that if it is required to carry its burden it must present voluminous documents and extensive testimony

regarding its claim. This revelation could not have occurred in the two days following the preliminary hearing as the Debtor has been clear all along that it contests HCB's claims and liens. In fact, the Debtor represented to the Court, both in its pleadings and at the preliminary hearing, that it intended to file a complaint to determine the extent, validity and priority of HCB's liens. Counsel for the Debtor also noted at the hearing that it was unclear how the Court could actually rule on certain claim and lien issues in the Stay Motion at the final hearing in the face of that anticipated adversary proceeding. Once filed, the Debtor anticipates that the HCB claim and lien issues raised in the Stay Motion will have to be consolidated with the trial in the adversary proceeding. In any event, at a minimum, based on the new-found representations of HCB in its Motion, the Debtor requests that the final hearing on the Stay Motion be rescheduled to accommodate HCB's additional evidentiary issues.

5. Second, if the proposed date of the hearing would not have allowed HCB sufficient time for discovery, then counsel should have also raised this during the scheduling discussions with the Court. HCB allowed the Court to put this matter on its calendar for December 3rd, and is now using that date and the time allocation to justify its request for expedited discovery. The Debtor should not be required to expedite discovery matters on critical issues impacting the largest secured creditor's claims and liens. Rather than shorten the periods for discovery, HCB's actions should simply require that the December 3rd hearing date be reconsidered and postponed.

6. What is even more astounding about HCB's request is the further rationale it provides for demanding that the Debtor reply so quickly. HCB claims that, if the Debtor is afforded its normal time for discovery responses, HCB will have a mere sixteen days to prepare for the final hearing. HCB expects only the Debtor to rush its preparation so that HCB can have

the luxury of additional time to prepare.[1]  Its related justifications in the Motion are inaccurate and misleading as well.  Contrary to the allegations in the Motion, the Debtor has not retained an expert for these matters.  It has only identified an expert, but no expert analysis has been prepared.  Additionally, HCB states that the Debtor and HCB have "reviewed and discussed these issues at length prepetition."  The Debtor has simply not been party to any such discussions with HCB.[2]

7.  Finally, counsel for the Debtor takes exception to HCB's further reasoning that "the Debtor will likely lodge what HCB believes to be several unfounded and frivolous objections to HCB's discovery in order to cause delay and prevent HCB from receiving the necessary discovery in time for the Final Hearing." *Motion, para. 9*.  There is simply no basis for this assault.  These types of allegations serve no purpose other than to merely highlight the fact that HCB has no legitimate reason for the requested relief.  The undersigned has not engaged in any conduct which would even suggest that a good faith approach will not be taken in all discovery matters.  It is even more disingenuous for counsel to make this allegation in the face of the tactics being used to seek the relief in the Motion.

WHEREFORE PREMISES CONSIDERED, the Debtor respectfully requests that this Court deny the relief requested in the Motion by HCB in all respects; award the Debtor its fees and costs incurred in having to respond to the Motion; reschedule the final hearing on the Stay

---

[1] In fact, without yet receiving a ruling from this Court on the Motion, HCB served improper written discovery on the Debtor demanding responses within 10 days.  HCB has unilaterally modified the Federal Rules of Civil Procedure and directed the Debtor to prepare and serve replies by Monday, October 26, 2009.  Moreover, by serving the discovery late on a Friday, HCB has effectively given the Debtor only 5 business days to respond so that HCB in turn may have over a month to "prepare for its hearing."  The Debtor is now also forced to object to this improper request and incur even more unnecessary fees and costs.

[2] Ironically, prior to the filing of the Stay Motion, the Debtor offered to meet with HCB to review and resolve the claim and lien issues in an attempt to avoid these contested matters.  HCB's response came in the form of the Stay Motion.

Motion to a more appropriate date; and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 19th day of October, 2009.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Joe E. Marshall
Joe E. Marshall
Texas Bar No. 13031100
Lee J. Pannier
Texas Bar No. 24066705
MUNSCH HARDT KOPF & HARR, P.C.
500 North Akard Street
3800 Lincoln Plaza
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 978-4365

COUNSEL FOR THE DEBTOR

# **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing Objection was served on October 19, 2009 via electronic mail to the parties listed below. Additionally, notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

> Michael P. Massad, Jr., Esq.
> Winstead PC
> 1201 Elm Street, Suite 5400
> Dallas, TX 75270
> Emil: mmassad@winstead.com
>
> Marcus Salitore, Esq.
> Office of the United States Trustee
> 110 N. College Ave., Suite 300
> Tyler, Texas 75702
> Email: Marc.F.Salitore@usdoj.gov

          /s/ Joe E. Marshall
          Joe Marshall