Michael P. Massad, Jr. – SBT # 13164000
Lloyd A. Lim – SBT # 24056871
Elisabeth A. Wilson – SBT # 24056896
**WINSTEAD PC**
1201 Elm Street, Suite 5400
Dallas, Texas 75270
Phone: (214) 745-5400
Fax:    (214) 745-5390

**ATTORNEYS FOR THE BECK GROUP
AND H.C. BECK, LTD.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § § § § § § § § | Case No. 09-42778-BRT-11 |
| MCKINNEY SHORES HOTEL PARTNERS, INC. | | Chapter 11 |
| **Debtor** | | |

## NOTICE OF REMOVAL

**TO THE HONORABLE BRENDA RHOADES, U.S. BANKRUPTCY JUDGE:**

H.C. Beck, Ltd. ("HCB") files this *Notice of Removal* pursuant to 28 U.S.C. §§ 1334(b) and 1452, and Federal Rule of Bankruptcy Procedure 9027 and respectfully states the following:

### I. JURISDICTION

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Federal Rule of Bankruptcy Procedure 4001. This matter is a core proceeding under 28 U.S.C. § 157.

### II. FACTUAL BACKGROUND

2.   McKinney Shores Hotel Partners, Inc. (the "Debtor"), is a debtor in a Chapter 11 bankruptcy proceeding Case No. 09-42778-BRT-11, pending before the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (the "Bankruptcy Case").

3. HCB is a secured creditor of the Debtor and a party in interest with respect to the Bankruptcy Case

4. The Debtor commenced this Bankruptcy Case on September 1, 2009 (the "Petition Date"), by filing a Voluntary Chapter 11 Petition. The Debtor continues to operate its business as a debtor-in-possession. No trustee or committee has been appointed. Debtor's voluntary petition designates the Debtor as a Single Asset Real Estate Debtor under Section 101(51)(B) of the Bankruptcy Code.

5. The Debtor is a single asset real estate entity whose sole purpose is to own and develop the Property (defined below) into a hotel and convention center in the City of McKinney, Texas. In order to accomplish this objective, the Debtor, as owner, and HCB, as contractor and construction manager, entered into a prepetition "Standard Form and of Agreement Between Owner and Construction Manager where the Construction Manager is also the Contractor" (the "Construction Contract") on February 25, 2008. Pursuant to the Construction Contract, HBC provided labor and materials for the construction of the Westin McKinney Hotel and Events Center located in McKinney, Collin County, Texas (the "Project"). HCB also performed certain mass grading work on property adjacent to the Project pursuant to a change order to the Contract. As required by the Construction Contract, HCB submitted monthly Applications and Certificates of Payment to the Debtor reflecting the labor performed and material supplied to the Project by HCB.

6. The Debtor did not obtain a construction loan to enable it to complete the Project, but instead received unsecured financing from an affiliated entity, O & S Holdings, LLC. The Debtor and its affiliate began to run out of funds to complete the Project in the fall of 2008, and started to fail to pay HCB and/or the subcontractors working on the Project. On October 9, 2008, the Debtor instructed HCB to cease all work on the Project. In Amendment No.1 to the

Construction Contract (the "Amendment"), dated October 15, 2008, HCB and the Debtor confirmed the suspension of all construction activities on the Project and also confirmed that HCB reserved all remedies available to it in the construction contract for the Debtor's non-payment. The Amendment also obligated the Debtor to continue to compensate HCB for expenses during the suspended time of performance.

7. The Debtor, however, failed to compensate HCB as provided for in the Amendment. HCB, therefore, notified the Debtor of its intent to stop work on the Project for, *inter alia*, failure to pay HCB as required under the Construction Contract on January 21, 2009. On January 30, 2009, HCB notified the Debtor of it intent to terminate the Construction Contract for, *inter alia*, the Debtor's continued failure to pay HCB as required by the Construction Contract. On March 2, 2009, HCB gave the Debtor its final notice of HCB's intent to terminate the Construction Contract and formally terminated the Construction Contract on March 13, 2009.

8. HCB took the appropriate steps to protect its right to payment under the Construction Contract by filing a Lien Affidavit against the real property on which the Project is located. HCB is, therefore, a secured creditor of the Debtor based upon, without limitation, the instruments which are referenced and described as follows (hereinafter collectively referred to as the "Lien Affidavit"):

- Lien Affidavit and Claim dated December 10, 2008 and recorded as Document Number 20081211001409710, Official Public Records of Collin County, Texas on December 11, 2009.

- Amended Lien Affidavit and Claim dated January 14, 2009 and recorded as Document Number 20090115000045840, Official Public Records of Collin County, Texas on January 15, 2009.

- Second Amended Lien Affidavit and Claim dated April 28, 2009 and recorded as Document 20090501000514410, Official Public Records of Collin County, Texas on May 1, 2009.

9. Pursuant to the Lien Affidavit, HBC holds a properly perfected lien on real property and improvements related to the construction of a hotel and associated amenities referred to as "The Westin McKinney" located at 1900 Gateway Boulevard, McKinney, Collin County, Texas, 75069 (the "Property"). The Property is legally described as follows:

Tract 1: Hotel Unit of McKinney Gateway Condominium regime in the City of McKinney, Collin County Texas, according to the Condominium Declaration dated February 28, 2008, recorded as Document Number 20080229000237480 of the Condominium Records of Collin County, Texas, which condominium is located on Lot 3, Block A, McKinney Bridge Street Town Center, a subdivision to the City of McKinney, according to the plat thereof recorded in Volume 2008, Slides 65 & 66, Plat Records of Collin County, Texas;

Tract 2: Non-exclusive easement interest appurtenant to Tract 1 created pursuant to the certain Reciprocal Easement Agreement dated as of March 5, 1999, by and between JDN Real Estate – McKinney, L.P. and American Realty Trust, Inc., recorded as Document Number 99-0028590, in Volume 4369, Page 2124, Land Records of Collin County, Texas;

Tract 3: Non-exclusive interest appurtenant to Tract 1 created pursuant to that certain Declaration and Establishment of Protective Covenants, Conditions and Restrictions and Grant of Easements dated February 4, 2008, recorded as Document Number 20080207000147650, Official Public Records of Collin County, Texas.

10. On February 27, 2009 HCB filed a lawsuit in the 296th Judicial District Court in Collin County against Debtor and several other M&M Lien claimants (the "State Court Action"). The State Court Action is entitled *HC Beck Ltd. v. McKinney Shores hotel Partners, Inc., et al*, Case No. 296-00766-2009. The petition asserted claims of breach of contract, quantum meruit against Debtor and sought foreclosure of HCB's lien. HCB also sought a declaratory judgment to establish the priority of its lien over the other lien claimants. HCB later filed its Second Amended Petition, the live pleading, adding another defendant M&M Lien holder, but continuing to assert the same causes of action against Debtor.

11. As of the Petition Date of the Bankruptcy Case, the outstanding indebtedness owed by the Debtor to HCB was at least $8,273,674.91 for the services provided by HCB to the Debtor pursuant to the Construction Contract (the "Pre-Petition Indebtedness"). As outlined

**NOTICE OF REMOVAL**

Page 4

above, the Pre-Petition Indebtedness is secured by the Lien Affidavit. Additionally, as of the time of the filing of this Motion, there is a total of approximately $15,879,879.00 in M&M Liens filed against the Property, including the amounts represented by the Lien Affidavit. The Property currently has an estimated fair market value of approximately $7,800,000.00.

12. A true and correct copy of the State Court Action docket is attached hereto as **Exhibit "A."** True and correct copies of the pleadings filed in the State Court Action are attached hereto as **Exhibit "B"** through **Exhibit "J"**, and are incorporated by reference herein as required by 28 U.S.C. § 1446(a) and Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure. A true and correct copy of all process in the State Court Action is attached as **Exhibit "K."**

### III. REMOVAL OF THE STATE COURT ACTION TO THE BANKRUPTCY COURT

13. HCB hereby removes the State Court Action to the United States Bankruptcy Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027. Upon removal, the State Court Action will be a core proceeding pursuant to, without limitation, 28 U.S.C. § 157(b)(2)(A),(B), and (O). To the extent the State Court Action involves non-core issues, HCB consents to the entry of final orders by the Court.

14. Pursuant to 28 U.S.C. § 1452(a), "a party may remove a state cause of action to a federal district court if the district court has jurisdiction of the cause of action under 28 U.S.C. § 1334."[1] 28 U.S.C. § 1334(b) establishes that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to

---

[1] *In re LJM2 Co-Investment, L.P.*, 319 B.R. 495, 499 (Bankr. N.D. Tex. 2005).

cases under title 11."[2] The United States Bankruptcy Courts for the Eastern District of Texas, in turn, have jurisdiction by reference from the District Court.[3]

15. The terms "arising under," "arising in," and "related to" used in 28 U.S.C. § 1334(b) are meant "to identify collectively a broad range of matters subject to the bankruptcy jurisdiction of federal courts."[4] However, they should be "construed separately so as to give them their broadest possible constitutional meaning."[5]

16. "'Arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy."[6] The issues raised in determining the value of the Property, the equity in the Property, and the validity of the M&M liens arise in the Bankruptcy Case. The State Court Action encompasses issues that are essential to determining core issues in this Bankruptcy Case. Whether Debtor is liable for breach of contract damages to HCB and whether HCB can exercise its right to foreclose on its lien on the Property are central to the determination of Debtor's ability to reorganize. Therefore, the State Court Action "arises in" the Bankruptcy Case, and the Bankruptcy Court has subject matter jurisdiction over it.

17. Even if this Court determines that the State Court Action is not a core proceeding, the Bankruptcy Court nevertheless has subject matter jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1334(b) because the State Court Action is "related to" the Bankruptcy Case. Section 1334(b) suggests a jurisdictional grant of wide scope because "'Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently

---

[2] 28 U.S.C. § 1334(b) (2002).
[3] 28 U.S.C. § 157(a) (2002).
[4] *In re Wood*, 825 F.2d 90, 92 (5th Cir. 1987).
[5] *In re Simmons*, 205 B.R. 834, 844 (Bankr. W.D. Tex. 1997) (discussing *In re Wood*, 825 F.2d at 92).
[6] *In re U.S. Brass Corp.*, 301 F.3d 296, 306 (5th Cir. 2002).

and expeditiously with all matters connected with the bankruptcy estate.'"[7] The United States Court of Appeals for the Fifth Circuit has stated the "lenient test" for "related to" jurisdiction is whether "the outcome of the proceeding could conceivably affect the estate being administered in bankruptcy. Certainty is unnecessary; an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate."[8] Even when an action is solely between third parties and does not directly involve the debtor, the proceeding may still fall under the "related to" jurisdiction of the district court.[9] "For 'related to' jurisdiction to attach ... the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate. The existence of subject matter jurisdiction is determined at the time of removal."[10]

18. In the State Court Action, HCB not only raised causes of action against Debtor, but sought to foreclose on HCB's lien on the Property and to determine the validity and priority of other M&M Liens on the Property. As this is a single asset case wherein HCB argues there is no equity in the Property, these issues will need to be determined in the course of this bankruptcy case. If HCB is allowed to exercise its right to foreclose on its lien on the Property, the priority of the other lien holders' claims will need to be determined. Therefore, the Bankruptcy Court clearly has "related to" jurisdiction in this case.

19. For all of the foregoing reasons, the State Court Action is properly removed to the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division. Pursuant to

---

[7] *See Celotex Corp. v. Edwards*, 514 U.S. 300, 307-308 (1995) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984)).
[8] *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007).
[9] *See In re Seatco, Inc.*, 257 B.R. 469, 475-76 (Bankr. N.D. Tex. 2001).
[10] *In re Bissonnet Investments, Inc*., 320 F.3d 520, 525 (5th Cir. 2003) (internal citations omitted).

Federal Rules of Bankruptcy Procedure 9027(b) and 9027(c), HCB is filing, contemporaneously herewith, a copy of this Notice of Removal to Debtor, other defendants in the State Court Action, and to the clerk of the District Court of the 296th Judicial District for Collin County, Texas.

## IV. ATTACHMENTS

EXHIBIT "A" – Docket Sheet in the State Court Action

EXHIBIT "B" – Plaintiff's First Amended Original Petition, Including Petition for Declaratory Judgment to Establish Lien Priority

EXHIBIT "C" – Plaintiff's Second Amended Petition

EXHIBIT "D" – Defendant McKinney Shores' Original Answer

EXHIBIT "E" – Defendant Three Architecture's Original Answer

EXHIBIT "F" – Original Answer of Defendant Mesa Design Subject to McKinney Shores' Plea in Abatement and Motion to Compel Arbitration

EXHIBIT "G" – Defendant Alpha Testing's Original Answer

EXHIBIT "H" – Defendant Kimley-Horn's Original Answer

EXHIBIT "I" – Defendant Barbara, Inc.'s Answer to Original Petition

EXHIBIT "J" – Order Administratively Closing Action by Reason of Suggestion of Bankruptcy

EXHIBIT "K" – Process in State Court Action

**WHEREFORE**, HCB hereby removes the State Court Action to the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division.

**Dated: October 20, 2009.**

Respectfully submitted,

**WINSTEAD PC**
1201 Elm Street, Suite 5400
Dallas, Texas 75270-2199
(214) 745-5400 (Telephone)
(214) 745-5390 (Facsimile)

By: _/s/ Michael P. Massad, Jr._
    Michael P. Massad, Jr. – SBT # 13164000
    Lloyd A. Lim – SBT # 24056871
    Elisabeth A. Wilson – SBT # 24056896

**ATTORNEYS FOR THE BECK GROUP AND H.C. BECK, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served on October 20, 2009 via electronic mail and/or first class mail, to the parties listed below. Additionally, notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

**Debtor:**

McKinney Shores Hotel Partners, Inc.
1904 Gateway Boulevard
McKinney, TX 75069

**Office of the United States Trustee**

ATTN: Marcus Salitore
110 N. College Ave., Suite 300
Tyler, TX 75702

**Counsel for Debtor:**

Joe E. Marshall
Munsch Hardt Kopf & Harr, P.C.
3800 Lincoln Plaza
500 N. Akard St.
Dallas, TX 75201-6659

W. Kyle Gooch, Esq.
Canterbury, Elder, Gooch,
   Surratt, Shapiro & Stein, P.C.
Occidental Tower
5005 LBJ Freeway, Suite 1000
Dallas, Texas 75244

Mesa Design Associates, Inc.
c/o Mark A. Bukaty, Esq.
8117 Preston Road
Suite #300
Dallas, Texas 75225

Three Architecture, Inc.
c/o Jeffrey A. Ford, Esq.
Ford Nassen & Baldwin P.C.
8080 N. Central Expwy.
Suite #1600 – LB 65
Dallas, Texas 75206-1819

PDPM
c/o Mr. Dru R. Patterson, Registered Agent
2401 N. Palm Drive
Signal Hill, California 90755

Barbara, Inc. d/b/a Barbara HDS
c/o Robert K. Dowd, P.C.
3141 Hood Street
Suite 650
Dallas, Texas 75219

Kimley-Horn and Associates, Inc.
c/o D. Mark Davis, Esq.
Craddock Davis & Krause LLP
3100 Monticello Avenue
Suite #550
Dallas, Texas 75205-3442

Alpha Testing, Inc.
c/o Kimberly A. Elkjer, Esq.
Scheef & Stone, L.L.P.
500 N. Akard, Suite 2700
Dallas, Texas 75201

MCDC
c/o Mr. Leonard McGowan, Registered Agent
1200 N. Tennessee Street
McKinney, Texas 75069

*/s/ Lloyd A. Lim*
One of Counsel

Dallas_1\5436132\1