Richard Gary Thomas
State Bar No. 19865500
Jason R. Kennedy
State Bar No. 24027100
THOMAS, FELDMAN & WILSHUSEN, L.L.P.
9400 North Central Expressway, Suite 900
Dallas, Texas 75231
Telephone:        (214) 369-3008
Facsimile:        (214) 369-8393
Email:            jkennedy@tfandw.com

ATTORNEYS FOR TDINDUSTRIES, LTD.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| MCKINNEY SHORES HOTEL | § | CASE NO. 09-42778-BTR |
| PARTNERS, INC. | § | |
| | § | |
| | § | |
| DEBTOR | § | CHAPTER 11 |

**TDINDUSTRIES, INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO JOIN IN ARBITRATION, WITHOUT WAIVER OF 30-DAY HEARING REQUIREMENT, AND REQUEST FOR HEARING IN PLANO, TEXAS**

**NOTICE**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

COMES NOW, TDIndustries, Inc. **("TD")**, a creditor and party in interest herein, and files this its Motion for Relief From the Automatic Stay, as follows:

## I.
## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, which characterizes this matter as a "core proceeding" in a case arising under Title 11.

## II.
## BACKGROUND

2.      McKinney Shores Hotel Partners. Inc. **(the "Debtor")** hired H.C. Beck, Ltd. **("Beck")**, as general contractor, to construct a project known as the Westin McKinney Hotel and Events Center, located in McKinney, Collin County, Texas **(the "Project")**. TD was a subcontractor to Beck on the Project. In or around October 2008, the Debtor suspended the Project and left Beck and its subcontractors, including TD, unpaid. Beck subsequently terminated its contract with the Debtor. On January 21, 2009, Beck initiated an arbitration proceeding against the Debtor through the American Arbitration Association **(the "Arbitration")**, which was later stayed when this bankruptcy case was filed on September 1, 2009. On December 11, 2009, an Agreed Order was entered that lifted the automatic stay and permitted Beck to continue to prosecute its claims against the Debtor in the Arbitration. [Doc No. 68].

3.      The sum of $1,130,680.67 remains due and owing to TD for its work on the Project. TD intends to join in the Arbitration to pursue its claim for said sum, and, in an abundance of caution, seeks an order lifting the stay to achieve that end.

## III.
## ARGUMENTS AND AUTHORITIES

4.      TD has a claim for its unpaid balance against Beck, the party with whom

TD contracted, and against Beck's surety, who TD perfected a bond claim against.[1] TD does not intend to allege any claims in the Arbitration directly against the Debtor, though the claims against the Debtor alleged by Beck include amounts owed to TD and other subcontractors. Further, TD will necessarily have to participate in the discovery process in Arbitration, which will likely include, at the very least, written discovery requests and depositions of the Debtor's witnesses. Further, at the final Arbitration hearing, TD will likely cross-examine the Debtor's witnesses. It is far from clear as to whether the stay is required to be lifted for TD to join and fully participate in the Arbitration, prosecute its claims against a non-debtor entity, and to seek discovery from the Debtor in connection therewith. However, in an abundance of caution, and to the extent necessary, TD requests that the automatic stay be lifted in order to accomplish those ends.

5.     To the extent that lifting the automatic stay is necessary, TD would show that "cause" exists under Section 362(d).   The Debtor has already agreed to lift the automatic stay to permit the Arbitration to proceed (Doc. No. 68), and TD merely seeks to join that Arbitration.   Unless the stay is lifted, TD will suffer extreme prejudice because its claims will effectively be determined in the Arbitration without TD being there to prosecute them.  On the other hand, the Debtor and the bankruptcy estate will suffer no prejudice if the automatic stay is lifted.

6.     As stated above, TD does not seek to lift the stay to pursue claims directly against the Debtor.  However, the stay has been lifted for cause even in cases where the creditor sought to pursue claims against a debtor in a non-bankruptcy forum, particularly where the claims against the debtor served as a predicate for recovery

---

[1] Though TD filed a mechanic's lien, since a payment bond was issued and filed pursuant to Chapter 53, Subchapter I, of the Texas Property Code, TD has a claim against the payment bond rather than a lien on the Debtor's property.  When a payment bond is issued and filed per Subchapter I, the filing of a mechanic's lien is merely an alternative method of perfecting a claim against the payment bond, and does not actually create a lien on real property.

against a non-debtor entity. *See Murray Industries, Inc. v. Aristech Chemical Corp.*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990); *Matter of Fernstrom Storage & Van Co.,* 938 F.2d 731 (7th Cir. 1991); *In re Turner,* 55 B.R. 498 (Bankr. N.D. Ohio 1985); *In Matter of Holtkamp,* 669 F.2d 505, 508-509 (7th Cir.1982); *Foust v. Munson S.S. Lines,* 229 U.S. 77, 87; 57 S.Ct. 90, 95 (1936). If cause existed in the above cases, where parties sought to lift the stay to pursue claims directly against a debtor in a non-bankruptcy forum, it certainly exists here because TD does not seek to assert claims against Debtor.

7.     For the above reasons, TD requests that the automatic stay be lifted to permit TD to join and fully participate in the Arbitration, which includes prosecuting its claims against Beck, seeking discovery from the Debtor in connection therewith, and fully participating in the final arbitration hearing.

8.     The Debtor and Beck are discussing a very quick arbitration schedule, including possibly setting the final arbitration hearing for April 2010. Therefore, if TD is to join in the arbitration and have an opportunity to participate in discovery, a speedy resolution of this matter is required and TD does not waive the 30-day hearing requirement.

WHEREFORE, PREMISES CONSIDERED, TD prays that the Court grant its Motion for Relief From Automatic Stay to in all respects and for all other relief to which TD is entitled.

Date:   December 17, 2009

Respectfully submitted,

THOMAS, FELDMAN & WILSHUSEN, L.L.P.

By: /s/Jason R. Kennedy
      Richard Gary Thomas
      State Bar No. 19865500
      Jason R. Kennedy
      State Bar No. 24027100
9400 North Central Expressway, Ste. 900
Dallas, Texas 75231
Telephone:   (214) 369-3008
Facsimile:   (214) 369-8393
Email:          jkennedy@tfandw.com

ATTORNEYS FOR TDINDUSTRIES, INC.


## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Debtor's counsel, Joe Marshall, and was advised that the Debtor cannot consent to the relief requested at this time, but the parties will continue to discuss same. Because of the urgent nature of the relief sought, this matter is hereby submitted to the Court for a determination.


/s/ Jason R. Kennedy
Jason R. Kennedy


## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December 2009, a true and correct copy of this document was served via the ECF System or U.S. First Class Mail, postage prepaid, on the following and on all parties registered or otherwise entitled to receive electronic service in this case:

McKinney Shores Hotel Partners, Inc.
1904 Gateway Boulevard
McKinney, Texas 75069

Joe E. Marshall
Munsch Hardt Kopf & Harr, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659

Office of the United States Trustee
Attention:  Marcus Salitore
110 N. College Avenue, Suite 300
Tyler, Texas 75702

Mike P. Massad, Jr.
Lloyd A. Lim
Winstead PC
1201 Elm Street, Suite 5400
Dallas, Texas 75270-2199

/s/ Jason R. Kennedy
Jason R. Kennedy